IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NO. 09-88 |
| | : | |
| | : | |
| GEORGE GEORGIOU | : | |

DEFENDANT'S MEMORANDUM IN
SUPPORT OF ADMISSION OF "OTHER CRIMES" EVIDENCE
ON THE PART OF GOVERNMENT WITNESS KEVIN WALTZER

I.  INTRODUCTION

The defense submits this memorandum in support of its position that it should be able to cross-examine Kevin Waltzer on other crimes he has committed and to later be able to make an independent presentation, not limited by any concept of "extrinsic" evidence under Rule 608(b), and that the exclusion of such evidence would violate the defendant's rights under the confrontation clause of the Sixth Amendment and the due process clause of the Fifth Amendment.

The upshot of this presentation is that, while a defendant may cross-examine a cooperating witness on specific acts probative of truthfulness under Rule 608(b), that rule prohibits presentation of extrinsic evidence to prove the alleged act if the witness denies them. But, in the case of Kevin Waltzer, the acts in question are independently admissible to show bias, and bias is never collateral. Moreover, in other instances, the acts are admissible as pattern evidence, tending to show a pattern in Mr. Waltzer's criminal acts, a pattern that includes his conduct against the defendant. As such, this evidence is admissible under Rule 404(b), sometimes called "defense 404(b)" or "witness 404(b)" material. Neither bias evidence nor defense 404(b) evidence is limited by Rule 608(b)'s prohibition on the use of extrinsic evidence.

II.   DISCUSSION

    A.   Evidence of Kevin Waltzer's Other Criminal Acts

The defense anticipates that it will cross-examine Mr. Waltzer on criminal acts other than those he has pleaded to and other than those charged in this case. Some of these criminal acts took place during his period of alleged cooperation. In each case, the defense does not know how he will respond to the questions posed to him, including whether he will admit his culpability. In order to assist the Court in ruling on various evidentiary issues, such as how far the defense may inquire and what other evidence the defense may present, this memorandum is submitted.

    B.   The Right to Confront Witnesses and Present Evidence
Under the Fifth and Sixth Amendments

The confrontation clause of the Sixth Amendment provides that an accused has the right "to be confronted with the witnesses against him." The Fourth Circuit has described this right as follows:

> The constitutional right of confrontation . . . has as one of its most important aspects the right to cross-examine a hostile witness in order to undermine the credibility of the witness by highlighting the possible influence of bias on the testimony of the witness. The trial judge may limit such cross-examination only to preserve the witness's constitutional immunity from self-incrimination, to prevent attempts to harass, humiliate or annoy him, or where the information sought might endanger the witness' personal safety. When such factors are not present, substantial limitations on the attempts of a defendant to undermine as biased a witness' testimony constitute constitutional error.

*Hoover v. Maryland*, 714 F.2d 301, 305 (4th Cir.1983) (citations omitted).

The trial court's "traditional discretion to control the limits of cross-examination cannot be exercised until 'the constitutionally required threshold level of inquiry has been afforded the defendant.'" *Id., quoting United States v. Tracey*, 675 F.2d 433, 437 (1st Cir. 1982). In *Hoover*,

2

the Fourth Circuit found constitutional error in the trial court's ruling which barred the defense from inquiring into the extent of a coconspirator-witness' understanding of his immunity agreement. In addition, the defense was prohibited from cross-examination as to whether the immunity agreement covered criminal activity beyond the homicide charged in that case and as to which the immunized witness testified. The court concluded that the defendant was constitutionally entitled to explore the witness' understanding of the extent of the immunity grant and upheld the grant of a writ of habeas corpus.

Much of the reported case law has focused on the right of an accused to effectively cross-examine a prosecution witness. However, the law is clear that the right to affirmatively present defense evidence is a corollary to the confrontation clause right to ask questions on cross-examination.[1] The Supreme Court has made clear that "[j]ust as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense." *Washington v. Texas*, 388 U.S. 14, 19 (1967).

The right to offer the testimony of witnesses is "in plain terms the right to present a defense, the right to present a defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies . . . . This right is a fundamental element of due process of law." *Id.* On the basis of this principle, the Supreme Court in *Washington v. Texas* struck down a state statute which prohibited a defendant from calling a conspirator or accomplice as a defense witness.

The relationship between the confrontation clause and the right to offer evidence was such that the Sixth Amendment was designed in part, "to make the testimony of a defendant's witnesses admissible on his behalf in court." *Rock v. Arkansas*, 483 U.S. 54 (1987), *quoting Washington v. Texas, supra,* 388 U.S. at 22.

---

[1] The interplay between the confrontation clause and the right to compulsory process is discussed in Peter Westen, *Confrontation and Compulsory Process: A Unified Theory of Evidence for Criminal Cases,* 91 Harv. L. Rev. 567 (1978).

Whether based on partial reliance on the Sixth Amendment or solely on the due process clause of the Fifth Amendment, the constitution requires that the defense be able to present evidence in support of its case. *See Chambers v. Mississippi,* 410 U.S.284 (1973) (state law on "vouching" and hearsay unreasonably limited the defendant's right to present his case by precluding his ability to call a defense witness).

  C. <u>Bias is Not Collateral: The Interplay Between Rule 608(b) and 404(b)</u>

The Supreme Court has held that bias evidence, in that case offered by the government, is not limited by Rule 608(b) because bias is almost always relevant to the finder of fact. *United States v. Abel*, 469 U.S. 45 (1984). Bias is not collateral. The courts of appeals have routinely applied that principle to evidence offered by the defense.

Rule 608(b) of the Federal Rules of Evidence is not controlling on the issue of admitting the defense evidence in question. That rule permits inquiry into events probative of truthfulness without regard to issues such as bias, motive to fabricate or the existence of a pattern of violations and fabrications. For example, if a witness had filed a false tax return while employed in an unrelated industry, the defense should be permitted to inquire into the matter, asking him if it were true that such a false return had been filed. If he denied filing the false return, the defense would not be able set about the task of proving a tax violation. It is simply too collateral since it does not go to bias, and relates to nothing more than the witness' general truthfulness.

If, on the other hand, the witness has a plea agreement, as Waltzer has, the line of questioning becomes not mere Rule 608(b) material, but goes to actual bias. To the extent Waltzer believes he may have been given a "pass" for crimes he committed, he is biased to please the government in this testimony.

The limitations of Rule 608(b), therefore, are inapplicable. Moreover, if the proffered evidence tends to show that the charged conduct and the witness's story are part of a pattern of fabrication, the defendant's constitutional rights mandate that he be able to fully confront the witness and demonstrate the existence of that pattern.

The Fourth Circuit has squarely decided the issue of how to reconcile Rule 608(b) and Rule 404(b), holding that the fact that Rule 608(b) may apply in the first instance does not mean that the evidence may not also be admissible as a separate presentation under Rule 404(b). In *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 531 (4th Cir.), *cert. denied sub nom. Dellinger, Inc. v. United States*, 474 U.S. 1005 (1985), the defendant was on trial for bid rigging. The government cross-examined the defendant by asking him if it were true that he had participated in a bid rigging scheme in connection with an unrelated contract. The defendant denied the allegation and the district court permitted the government to offer proof of the unrelated bid rigging in its rebuttal case. 760 F. 2d at 530.

On appeal the defendant argued that the evidence was subject to Rule 608(b) in the first instance and that the prohibition on the use of extrinsic evidence was violated by the admission of the evidence in the government's rebuttal case.

Judge Ervin, writing for the court, characterized the issue before the court as "whether rule 404(b) takes priority over rule 608(b)," since the evidence of the unrelated bid rigging fell within the scope of both rules. *Id.* Noting that other courts had decided that cross-examination under Rule 608(b) did not bar admission of the evidence under Rule 404(b), Judge Ervin wrote as follows:

> We agree with the other circuits. *Rule 608(b) should not be read so broadly as to disallow the presentation of extrinsic evidence that is probative of a material issue in a case*. Undoubtedly rule 404(b) will undermine the purposes of rule 608(b) in particular circumstances, such as those presented in this case. However, the ultimate goals of the rules are best served by not reading any rule in isolation. In light of the need to introduce probative evidence of material issues and, even more importantly, in light of the goal of ascertaining the truth in judicial proceedings, we affirm the trial court's admission of rebuttal testimony of prior bad acts, over defendant's denial, given that the testimony satisfies the requirements of rule 404(b).

Id. at 531(emphasis added) (footnotes omitted).

5

The impact of *United States v. Smith Grading & Paving* on this case is clear. The fourth circuit plainly intends that parties be able to make a proper Rule 404(b) presentation, where evidence meets the requirements of that rule notwithstanding the fact that the evidence may also be within Rule 608(b). The distinction which separates evidence subject to the limitations of Rule 608(b), and evidence which may also be subject to Rule 404(b) is that the former goes simply to propensity to tell the truth, while the latter goes to the existence of a plan, scheme or pattern of conduct, such as that proffered here.

The case books are full of cases addressing the admissibility of evidence of other wrongs committed by or attributable to criminal defendants. Due to the nature of federal appeals (*ie*., a convicted defendant is generally the only party raising claims of error), the appellate courts are almost routinely presented with the issue of whether a defendant was unfairly prejudiced through the admission of evidence of a crime other than that charged in the indictment.

Nevertheless, the law is well established that Rule 404(b) is not solely a rule of evidence established for use by the government to prove some pejorative aspect of a defendant's background. To the contrary, Rule 404(b) authorizes the admission of, on behalf of either the defense and the government, evidence relevant to the motives, plans, acts, and credibility of government witnesses.

For example, it is often the case that the government offers evidence suggesting the commission of uncharged crimes by a defendant on the ground that such evidence is probative of the motives, plans or actions of its witnesses. In *United States v. Miller*, 895 F.2d 1431 (D.C Cir.1990), the Court upheld the admission of evidence of a defendant's prior conviction because that evidence demonstrated the motive for a government witness' participation in the charged offense. The witness, an accomplice testifying under a plea agreement, testified that she was intimidated into assisting the defendant in a forged check scheme. *Id.* at 1433. The district court permitted the witness to testify that she knew the defendant had recently been released from jail, evidence which was, in the court of appeals' view, properly admitted " to lend credence to [the

witnesses'] claim that she feared for her safety if she did not comply with [the defendant's] demands for bogus checks." *Id*. at 1435.

The court rejected the defendant's claim that Rule 404(b) may only be the basis for admission of evidence probative of the defendant's conduct or mental state, noting that such a limited application of Rule 404(b) "is inconsistent with the case law in this and other circuits. *Id*. at 1436, *citing United States v. Lewis*, 701 F.2d 972, 975 (D.C. Cir. 1983) (evidence of open arrest warrant admissible to show why police officer-witnesses acted as they did in stopping the defendant ); *United States v. Scarfo*, 850 F.2d 1015, 1018-21 (3d Cir.), *cert. denied*, 488 U.S.910 (1988) (evidence of organized crime violence properly admitted as probative of relationship among members); *United States v. Foster*, 889 F.2d 1049, 1053 (11th Cir.1989) (evidence of prior drug transaction admissible in order "for the jury to understand why [the government witness] agreed to hide" the defendant's drug cache).

The law is equally clear that the defense may rely on Rule 404(b) to seek the admission of evidence tending to prove the motive, plan or "signature" of a witness. In *United States v. Aboumoussallem*, 726 F.2d 906 (2d Cir.1984), an alleged drug courier on trial in a drug smuggling case contended that he was an innocent dupe of his cousin, a principal in the heroin smuggling operation. The defendant offered evidence that the principal had similarly used an innocent dupe to transport drugs from Lebanon to the United States by placing the contraband in her luggage. *Id*. at 911. Excluding the evidence, the district court "stated that Rule [404(b)] did not mandate admission of evidence of similar acts probative of a third party's intent, motive, common scheme or plan for the purposes of proving defendant's lack thereof." *Id*.

The Court of Appeals for the Second Circuit held that this construction of Rule 404(b) was error. *Id*. It noted that, "on numerous occasions federal and state courts have admitted similar acts evidence offered for defensive purposes." *Id*. at 912, *citing United States v. McClure,* 546 F.2d 670 (5th Cir.1977); *United States v. Robinson*, 544 F.2d 110 (2d Cir.1976), *cert. denied,* 434 U.S.1050 (1978); *State v. Garfole*, 76 N.J. 445, 388 A.2d 587 (1978); *State v.*

7

*Bock*, 229 Minn. 449, 39 N.W.2d 887 (1949); *Commonwealth v. Murphy*, 282 Mass. 593, 185 N.E. 486 (1933).

The court also noted that the district court erroneously assumed that Rule 404(b) "mandates a symmetrical standard for admission of similar acts evidence." *Id.* at 911. The court stated that "the standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when a prosecutor uses such evidence as a sword" since there is no off-setting risk of prejudice to the right of a defendant to be tried on the charges lodged against him and not some other charge. *Id.*[2] The court stated that the "risks of prejudice are normally absent when the defendant offers similar acts evidence of a third party to prove some fact pertinent to the defense." *Id.* When the defense offers such evidence, "the only issue arising under Rule 404(b) is whether the evidence is relevant to the existence or non-existence of some fact pertinent to the defense." *Id.*

A case in which the court considered the use by the defense of affirmative similar "bad acts" evidence, and which exemplifies the approach and the legal claims of the defendant in this case, is *United States v. Stamper*, 766 F.Supp. 1396 (W.D.N.C.) *aff'd without op. sum nom. Re Female Juvenile Victim; In re United States v. Stamper*, 959 F.2d 231(4th Cir. 1992).[3] In *Stamper*, the defendant was charged with statutory rape and offered evidence that the complaining witness had previously made false allegations of sexual misconduct against three men, only to admit later that the allegations were false. The court determined that the defendant's rights under the confrontation clause of the Sixth Amendment, as recognized in

---

[2] The court of appeals described this as an "asymmetrical approach" to Rule 404(b) and found the approach to be consistent with other provisions of the Rules of Evidence as to which the courts have taken into account the risk of unfairness to the criminal defendant in applying a more solicitous standard for the protection of criminal defendant's rights. See, *e.g.,* FRE 609 dealing with impeachment by prior convictions. *United States v. Aboumoussallem, supra*, at 911, n.5.

[3] The record does not disclose what issue was appealed or by whom an appeal was taken in *Stamper*. It is likely that the appeal may have been by the juvenile complaining witness who was represented by court-appointed counsel in connection with the in limine proceedings in the district court leading to the published opinion admitting evidence of prior false allegations of sexual abuse made by the victim.

*Douglas v. Alabama,* 380 U.S. 415, 418 (1965), required admission of the evidence. *Id*. at 1400. The defense needed this clearly probative evidence since it suggested that the allegation against the charged defendant was part of a pattern or signature on the part of the witness of making false allegations of sexual misconduct. Under *Douglas and Davis v. Alaska*, 415 U.S. 308, 316 (1974), a defendant is entitled to attempt to demonstrate a witnesses's "possible biases, prejudices, or ulterior motives." *See also Hoover v. Maryland*, 714 F.2d 301, 305 (4th Cir.1983); *Chavis v. North Carolina*, 637 F.2d 213, 225-26 (4th Cir.1983).

The analytical key to Judge Voorhees' decision in *Stamper* was that the proffered evidence did not constitute a general credibility attack but rather demonstrated a scheme of fabrication. *Id.* at 1401. This evidence suggested "a contrived scheme of fabrication," due to the similarities between the facts of the indicted case and the proffered evidence. *Id*.

Judge Voorhees viewed the facts of the case before him as close to the facts before the Supreme Court in *Olden v. Kentucky*, 488 U.S. 227 (1988). There, the defense theory was that the complainant-rape victim had a motive to protect her relationship with her boyfriend by making the fabricated rape allegation against the defendant. 488 U.S. at 230. The trial court excluded evidence of the complainant's relationship with her boyfriend. Reiterating the principle of *Davis*, that "exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination," the Supreme Court reversed. 488 U.S at 233, n. 4.

In *Stamper,* Judge Voorhees went on to consider the application of the Federal Rules of Evidence to the proffered evidence. *Id.* at 1404-06. As to Rule 404(b), the court quickly disposed of the issues of whether some unfair prejudice might adhere since the evidence went to the heart of the government's case. As to Rule 404(b), the court noted that it is not limited to evidence pertaining to the defendant and permits the admission of evidence material to a witness' motives. Id. at 1405, *citing United States v. Miller, United States v. Scarfo* and *United States v. Foster, supra.*

9

Finally, Judge Voorhees rejected the claim that Rule 608(b) somehow trumped Rule 404(b) since the "[b]ias and interest of a witness are not collateral issues." *Id.* at 1405. Quoting Fourth Circuit authority, the court wrote that "Rule 608(b) should not be read so broadly as to disallow the presentation of extrinsic evidence that is probative of a material issue in a case." *Id. quoting United States v. Smith Grading & Paving, Inc.*, *supra,* 760 F.2d at 531. *See also United States v. Skelton,* 514 F.3d 433 (5th Cir. 2008) (Rule 608(b) does not limit admission of bias evidence); *United States v. Sumlin*, 271 F.3d 274 (U.S. App. D.C. 2001) (same); *United States v. Gomes*, 177 F.3d 76 (5th Cir. 1999) (same).

II. <u>CONCLUSION</u>

It is respectfully submitted that the Court should permit the defense to fully explore the subject of Kevin Waltzer's other criminal acts and to make an independent presentation in the defense case.

Respectfully Submitted,

/s/
Michael Pasano
Carlton Fields
4000 International Place
100 S.E. Second Street
Miami, Florida  33131-2114
Counsel for Defendant George Georgiou

/s/
Catherine M. Recker
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA 19103
(215) 972-6430
Counsel for Defendant George Georgiou

CERTIFICATE OF SERVICE

      I, Catherine M. Recker, do hereby certify that on this date I caused a true and correct copy of the foregoing document to be served upon the following counsel by hand:

> AUSA Louis Lappen
> AUSA Derek Cohen
> United States Attorney's Office
> Suite 1250
> 615 Chestnut Street
> Philadelphia, PA  19106

Dated:  February 1, 2010

                /s/_____
                Catherine M. Recker