IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | No. 09-88 |
| GEORGE GEORGIOU | : | |
| | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**　　　　　　　　　　　　　　　　　　　　　　　　　**MARCH 1, 2010**

**I.　　FACTS**

On February 12, 2010, following a three-week trial, a jury found Defendant George Georgiou ("Georgiou") guilty of one count of conspiracy, four counts of securities fraud and four counts of wire fraud.[1] After the jury returned its verdict, the Government moved to revoke Georgiou's bail, arguing that Georgiou posed a risk of flight. Georgiou's counsel asserted that Georgiou posed no such risk and submitted to the Court a "Memorandum in Support of Continued Release on Bail." From the bench, the Court concluded that Georgiou's bail should be revoked and memorialized this conclusion in an Order dated February 18, 2010 (Doc. No. 154). Our reasons for revoking Georgiou's bail are set forth below.

**II.　　DISCUSSION**

The Bail Reform Act of 1984 states in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence[] . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .

---

[1] A more detailed account of the underlying facts of this case can be found in this Court's December 7th Opinion, United States v. Georgiou, No. 09-88, 2009 U.S. Dist. LEXIS 114729 (E.D. Pa. Dec. 7, 2009).

18 U.S.C. § 3143(a)(1). Section 3143(a) creates a presumption in favor of detention pending sentencing. Gov't of V.I. v. Clark, 763 F. Supp. 1321, 1323 (D.V.I. 1991) ("The presumption is in favor of detention[] . . . ."), aff'd, 989 F.2d 487 (3d Cir. 1993); see also United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985) ("The Bail Reform Act of 1984 was enacted because Congress wished to reverse the presumption in favor of bail that had been established under the prior statute, the Bail Reform Act of 1966."); United States v. Holtz, No. 92-459, 1995 U.S. Dist. LEXIS 3075, at *7 (E.D. Pa. Mar. 13, 1995) (stating that one of the "significant components" of the statute is that "it establishes a presumption in favor of detention after a guilty verdict"). Moreover, "[t]he statute's mandatory language – 'The judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained' – leaves no room for judicial discretion." Holtz, 1995 U.S. Dist. LEXIS 3075, at *7 (citing United States v. Strong, 775 F.2d 504, 505 (3d Cir. 1985)).

In order to "skirt the mandatory provisions," a defendant must prove by clear and convincing evidence that he is **both**: (1) unlikely to flee; and (2) unlikely to pose a danger to the community or its members. Id. Clear and convincing evidence is defined as "[p]roof which requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt. Clear and convincing proof will be shown where the truth of the facts asserted is highly probable." Black's Law Dictionary 251 (6th ed. 1990). Finally, the defendant must carry the burden of meeting this "high standard." Holtz, 1995 U.S. Dist. LEXIS 3075, at *8; see also Clark, 763 F. Supp. at 1323 ("[I]t is the defendant's burden to prove by clear and convincing evidence that he is not likely to flee or pose a danger to the community."); Strong, 775 F.2d at 505 ("Unlike a defendant who has not yet been convicted and for whom the statute gives a

2

presumption for bail except in certain circumstances, see 18 U.S.C. § 3142(b), once a defendant has been convicted, albeit not yet sentenced, the burden shifts to defendant.").

In assessing the risk of flight, courts consider the following factors: (1) the nature and circumstances of the offense; (2) the defendant's family ties; (3) the defendant's employment status; (4) the defendant's financial resources; (5) the defendant's character and mental condition; (6) the length of defendant's residence in the community; (7) any prior criminal record; and (8) any flight or failures to appear in court proceedings prior to or during the time of trial. United States v. Giampa, 904 F. Supp. 235, 358 (D.N.J. 1995) (citing United States v. Bertoli, 854 F. Supp. 975, 1158 (D.N.J. 1994)). "A defendant's financial condition and the length of the sentence he or she faces are of particular importance in assessing the risk of flight." Bertoli, 854 F. Supp. at 1158.

The Government argues that Georgiou has a substantial incentive to flee because the maximum statutory penalty he faces is 165 years imprisonment. The Government also notes that Georgiou is a Canadian citizen with no ties to the United States and extradition from Canada is a complex and lengthy process. Furthermore, the Government asserts that Georgiou has money and investments under a variety of different names and entities outside of the United States. Thus, the Government argues that Georgiou has the means to flee and has no incentive to ever return to the United States.

Georgiou, however, argues that "[h]is family home, as well as $500,000 posted by family friend Tom Bock would be forfeited if he were to flee." (Mem. Supp. Continued Release on Bail at 2.) Georgiou also asserts that "[h]e is subject to electronic monitoring and has demonstrated his commitment to comply with this Court's orders." (Id. at 2-3.) Finally, Georgiou contends

that "he has had ample opportunity to flee, should he choose to do so, by virtue of the fact that he has resided in three states since his release and has traveled among New York, Philadelphia and South Florida by air and rail." (Id. at 3.) We find Georgiou's arguments unavailing.

In Holtz, the court concluded that the defendant failed to present clear and convincing evidence that he would not pose a risk of flight if released before sentencing, despite the fact that the defendant had family ties to the community and faced a sentence of only twenty-four to thirty months. 1995 U.S. Dist. LEXIS 3075, at *16. The court reasoned that the defendant "may have been present [for court proceedings] out of the belief that a jury would exonerate him and that that incentive disappeared upon conviction." Id. at *9. The court also found that the defendant had no record of recent employment in the community and had no economic ties to the community. Id. at *10. Finally, the court found that the defendant "almost certainly" had access to significant assets and "could use these hidden assets to compensate [the surety] for the loss of his security." Id. at *11.

Here, Georgiou has failed to address the fact that he is effectively facing a possible life sentence and that he appears to have no ties to this jurisdiction. Moreover, he has failed to rebut the Government's allegation that he has money and investments under a variety of different names and entities outside of the United States, and thus, has the means to flee. Indeed, numerous courts in this District, including Holtz, have detained defendants under circumstances similar to, and less compelling than, those of the instant case. See, e.g., United States v. Enigwe, No. 92-257, 1994 U.S. Dist. LEXIS 17618, at *9 (E.D. Pa. Dec. 6, 1994) (finding that in light of defendant's "extensive foreign travel and family members living abroad and the length of his sentence, his family ties in Philadelphia are insufficient to prove to the Court by clear and

4

convincing evidence that he is not a flight risk"); United States v. Breslin, No. 96-202-1, 1998 U.S. Dist. LEXIS 3533, at *6-7 (E.D. Pa. Mar. 19, 1998) (concluding that defendant did not show by clear and convincing evidence that he was unlikely to flee where he faced eighty-seven months imprisonment and the court had "reason to believe that Defendant may have assets hidden which could enable him to flee, and perhaps reimburse his family members for the value of the homes which they posted to secure Defendant's bond"). For these reasons, we found on February 12, 2010, that Georgiou has failed to prove by clear and convincing evidence that he is unlikely to flee if he is released on bail pending sentencing.[2]

---

[2] Having found that Georgiou has not shown that he is unlikely to flee, we need not consider whether he has proven that he is unlikely to endanger the community or its members.